Order Form (01/2005)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Joan B. Gottschall | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 07 C 4481 | **DATE** | 7/11/2012 |
| **CASE TITLE** | Kougias vs. Illinois Dept. Of Human Services, et al. | | |

**DOCKET ENTRY TEXT**

Defendant Zukowski's Motion to Dismiss the First Amended Complaint [180] is granted.

■ [ For further details see text below.]  Docketing to mail notices. Mail AO 450

## STATEMENT

Defendant Mary Zukowski moves to dismiss Plaintiff Teresa Kougias's First Amended Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). Alternatively, Zukowski moves for a more definite statement pursuant to Rule 12(e) and also asks the court to strike as irrelevant Kougias's allegation that she is a "Disabled American." For the reasons explained below, the court agrees that Kougias's First Amended Complaint fails to state a claim upon which relief can be grounded and dismisses it pursuant to Rule 12(b)(6).

Kougias, a registered nurse and employee of the Illinois Department of Human Services ("IDHS"), originally filed an employment discrimination complaint naming as defendants Zukowski (her supervisor), IDHS, and her co-worker Dr. Michael Cwynar. The original complaint claimed that the defendants subjected Kougias to a hostile work environment due to her sex, religion, and disability. On March 16, 2011, the court granted summary judgment for IDHS and Cwynar on all of Kougias's claims. (Mem. Op. & Order, ECF No. 154.) Zukowski's motion for summary judgment was also granted as to Kougias's claim that Zukowski retaliated against her for exercising her alleged First Amendment right to complain about Cwynar's conduct. (*Id.*)

On March 31, 2011, the court dismissed Kougias's remaining claims against Zukowski: that Zukowski violated § 1983 by retaliating against Kougias because Kougias exercised her rights under the ADA and "other civil rights statutes." The court held that Kougias's ADA retaliation claim was legally flawed because Kougias could not proceed against Zukowski as an individual under the ADA and therefore could not be permitted to evade the ADA's remedial scheme by doing so under § 1983. (Op., ECF No. 162.)

The court further held that Kougias's claim that Zukowski retaliated against her for exercising her rights under "civil rights statutes" did not adequately allege the basis of her claim. The court granted Kougias 21 days to file an amended complaint "making clear that she can indeed proceed." (*Id.*) Instead, Kougias filed a motion to reinstate her prior pleadings. On December 15, 2011, the court allowed Kougias "one last opportunity to attempt to state a § 1983 claim" in an amended complaint.

In her First Amended Complaint, filed on January 25, 2012, Kougias alleges that her claims arise under § 1983 and the First Amendment's freedom of religion clause. (First Am. Comp. ¶ 1, ECF No. 176; 183.) She states that Zukowski "subjected [her] to derogatory comments about her religion" and "harassed" her "for her

fundamentalist Christian beliefs." (*Id*. at ¶¶ 12-13.)  She states that she "complained internally and received a letter from IDHS indicating that a finding was made by the Bureau of Civil Affairs that there was substantial evidence of harassment and discrimination," but "nothing was done" and "her treatment became worse."  (*Id.* at ¶¶ 13-14.)  Zukowski allegedly "violated [the First Amendment and § 1983] by retaliating against [Kougias] and treating her differently because of her exercise of her constitutional First Amendment Freedom of Religion rights."  (*Id.* at ¶ 17.)

Zukowski moved to dismiss the First Amended Complaint, arguing that it fails to allege sufficient facts to survive a Rule 12(b)(6) motion.  Zukoswki further argues that Kougias's § 1983 claim is actually a claim of religious discrimination and retaliation under Title VII, and that Zukowski can not be held liable under Title VII as she is not Kougias's "employer" for purposes of that statute.  Finally, Zukowski argues that at least some of Kougias's claims are barred by the statute of limitations that applies to § 1983 claims.

The court first addresses the sufficiency of the allegations in the complaint.  To survive a motion to dismiss, a complaint must "state a claim to relief that is plausible on its face."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  A claim satisfies this pleading standard when its factual allegations "raise a right to relief above the speculative level."  *Twombly*, 550 U.S. at 555-56; *see also Swanson v. Citibank, N.A.*, 614 F.3d 400, 404 (7th Cir. 2010) ("[P]laintiff must give enough details about the subject-matter of the case to present a story that holds together.").  For purposes of the motion to dismiss, the court takes all facts alleged in the plaintiff's complaint as true and draws all reasonable inferences from those facts in favor of plaintiff, although conclusory allegations that merely recite the elements of a claim are not entitled to this presumption of truth.  *Virnich v. Vorwald*, 664 F.3d 206, 212 (7th Cir. 2011).

To prevail on a First Amendment retaliation claim, Kougias must show that "(1) [s]he engaged in activity protected by the First Amendment; (2) [s]he suffered a deprivation that would likely deter First Amendment activity in the future; and (3) the First Amendment activity was 'at least a motivating factor' in the Defendant['s] decision to take the retaliatory action."  *Gomez v. Randle*, 680 F.3d 859, 866 (7th Cir. 2012).

Taking all facts alleged in the First Amended Complaint as true, the court finds that Kougias has failed to adequately plead these essential elements of a First Amendment retaliation claim.  Her complaint states that she possessed "fundamentalist Christian beliefs," but she provides no other factual basis for a claim that she engaged in activity protected by the First Amendment.

Additionally, the adverse actions that Kougias alleges that Zukowski committed are that she harassed Kougias, treated her differently, and subjected her to derogatory comments about her religion.  These allegations are essentially conclusory; they provide an insufficient factual basis for the court to conclude that a constitutional deprivation resulted.  Retaliatory actions "must be sufficient to deter an ordinary person from engaging in . . . First Amendment activity in the future."  *Santana v. Cook Cnty. Bd. of Review*, 679 F.3d 614 (7th Cir. 2012).  Kougias makes a bare allegation of "harassment" with no indication of—for example—the kinds of statements made to Kougias by Zukowski, their frequency, or when they occurred.  This does not allow the conclusion that an ordinary person would be deterred from religious expression by the alleged conduct.

Furthermore, the court notes that requiring Kougias to plead greater factual detail about the alleged retaliation puts little burden on her to uncover evidence to support her complaint.  Not only has this case already progressed to the summary judgment stage once already, but Kougias was present when the alleged "harassment" occurred, and the details about the treatment she suffered are within her knowledge.  Thus, if Zukowski retaliated against Kougias because of her religious beliefs, it should have been easy for Kougias to supply in her complaint basic factual allegations as to what exactly Zukowski did to her.

Because Kougias's claim is inadequately pleaded, the court has no need to consider Zukowski's arguments that some of Kougias's claims are untimely and that the availability of Title VII's remedial scheme prevents Kougias from asserting a § 1983 claim of retaliation based on her religious beliefs.  Zukowski's motion to dismiss the First Amended Complaint is granted.