# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Joan B. Gottschall | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 07 C 4481 | **DATE** | 7/13/2012 |
| **CASE TITLE** | Kougias vs. Illnois Dept. Of Human Services, et al. | | |

**DOCKET ENTRY TEXT**

Defendant Cwynar's Motion for Bill of Costs [174] is granted. Cwynar is awarded $4,798.58 for transcript fees, court reporter attendance, witness fees, subpoenas, and exhibit costs.

■[ For further details see text below.]  Docketing to mail notices.

# STATEMENT

The court granted Defendants' Motion for Summary Judgment on March 17, 2011. Defendant Dr. Michael Cwynar moved for costs on March 31, 2011. The court initially denied the motion because it was not accompanied by supporting documentation. An amended bill of costs [174] was filed on September 8, 2011. Defendant seeks to recover a total of $4,960.71, which includes $4,454.83 for transcripts and deposition costs related to the depositions of Plaintiff Teresa Kougias and witness Dr. Rowin Cantrell, $160 for witness fees and subpoenas for medical records, and $345.88 for document and exhibit costs.

Under Federal Rule of Civil Procedure 54(d)(1), "costs–other than attorney's fees–should be allowed to the prevailing party." Cwynar moved for, and was granted, summary judgment on all of the claims at issue in the case, which resulted in the case being dismissed. Cwynar is therefore a "prevailing party." *See Hoeller v. Eaton Corp.*, 149 F.3d 621, 626 (7th Cir. 1998) (a party having all claims resolved in its favor "is the very definition of a prevailing party").

As to the deposition costs, the court agrees that each of the deposition transcripts was "reasonably necessary," and that Cwynar is entitled to recover some of his expenses. *See Warfield v. City of Chi.*, 733 F. Supp. 2d 950, 956 (N.D. Ill. 2010) (a deposition transcript is recoverable if it is "reasonably necessary to the case at the time it was taken"). The Local Rules of the Northern District of Illinois provide that the cost of transcipts may not exceed the rate established by the Judicial Conference of the United States that was in effect at the time the transcript was filed. L.R. 54.1(b). The depositions took place in 2009 and 2010, at which time the maximum amount for an ordinary transcript was capped at $3.65 per page.

The transcripts of Kougias's deposition totaled 1058 pages. The maximum allowed cost for these transcripts is

| STATEMENT |
|---|

(1058 x $3.65 =) $3,861.70. Cwynar provides documentation showing transcript expenses for Kougias's deposition totaling $3,140.35. These costs will be allowed, although a $10.00 fee for binding and delivery will not, as "[c]osts associated with delivering, shipping, or handling transcripts are ordinary business expenses and are not recoverable." *See Harkins v. Riverboat Servs., Inc.*, 286 F. Supp. 2d 976, 981 (N.D. Ill. 2003). In addition to the costs of the transcript itself, the court may award costs associated with a court reporter's attendance at the deposition. *Held v. Held*, 137 F.3d 998,1002 (7th Cir. 1998). For Kougias's deposition, the court-reporter fee of $382.50 will be allowed.

The transcripts of Cantrell's deposition totaled 139 pages. The maximum allowed cost for these transcripts is (139 x $3.65 =) $507.35, which is less than the $639.40 indicated on the invoices. A court-reporter attendance fee of $262.50 will also be allowed. A $19.63 charge for handling and delivery is not recoverable.

Other fees, such as those associated with deposition exhibits, are recoverable at the court's discretion if the prevailing party establishes that the exhibits were essential to understanding an issue in the case. *See Harkins*, 286 F. Supp. 2d at 980. The court will allow $345.88 in costs associated with preparing two CD copies of 1245 pages of Bates-labeled documents for the purposes of the summary judgment motion, as the court believes that these exhibits were essential to allow the opposing party and the court to consider the motion. *See Peoples Nat'l Bank, N.A. v. Am. Coal Co.*, 2012 WL 1605997, at *2 (S.D. Ill. May 8, 2012) (discussing why Bates-labeling is reasonably necessary to the use of discovery documents).

Finally, the court will allow $40.00 in costs for Dr. Cantrell's witness fee and $120.00 for three subpoenas for medical records. *See id.* (allowing fees for subpoenas and witnesses).

Cwynar is awarded a total of $4,798.58 for transcript fees, court reporter attendance, witness fees, subpoenas, and exhibit costs.